# MERRICK, LOUISON & COSTELLO
### ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325

2000 SEP 28  P 12: 04

September 26, 2000

FILED
IN CLERK'S OFFICE

Clerk- Civil Section
U.S. District Court
Harold D. Donahue Federal Bldg.
595 Main Street
Worcester, MA 01608

DOCKETED

Re: **Francis Sumner v. Town of Leicester, et al**
Worcester Superior Court CA No. 00-1713

USDC CA No. 00-40156

Dear Sir/Madam:

Pursuant to Local Rule 81.1 of the United States District Court, enclosed please find the certified or attested copies of all records and proceedings previously filed in state court.

If you have any questions, please feel free to contact me. Thank you for your attention to this matter.

Very truly yours,

James W. Simpson, Jr.

enclosure

xc:   Francis Sumner

Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

### WOCV2000-01713
#### Sumner Sr v Martin Jr et al

| | | | | |
|---|---|---|---|---|
| File Date | 08/28/2000 | Status | dtrans | Disposed: transfered to other court |
| Status Date | 09/13/2000 | Session | B | Civil B (18 Worcester) |
| Origin | 1 | Case Type | E17 | Civil Rights Act (12.011H-1) |
| Lead Case | | Track | A | Public View Yes |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Rule12/19/20 | 01/25/2001 |
| Service | 11/26/2000 | Answer | 01/25/2001 | Rule 56 | 12/16/2002 |
| Rule 15 | 11/21/2001 | Discovery | 10/17/2002 | Jury Trial | Yes |
| Final PTC | 04/15/2003 | Disposition | 08/28/2003 | | |

### PARTIES

Plaintiff
Francis P Sumner Sr
178 Chandler Street
Worcester, MA 01609
Active 08/28/2000 Notify

Defendant
Joseph Martin Jr
Service pending 08/28/2000

Defendant
Kincare Inc
Service pending 08/28/2000

Defendant
Early Learning Centers Inc
Service pending 08/28/2000

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 00-1713 | Trial Court of Massachusetts Superior Court Department County: WORCESTER S.S |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| FRANCIS P SUMNER AND | JOSEPH MARTIN, SANDRA MARTIN ET ALS. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| 178 CHANDLER STREET WORCESTER MA: 01609 | RICHARD WELSH ALSO DEFENDANT |
| Board of Bar Overseers number: pro se | |

### Origin code and track designation

Place an x in one box only:
[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-17 | CIVIL RIGHTS. | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $..........
  2. Total Doctor expenses .............................................. $..........
  3. Total chiropractic expenses ........................................ $..........
  4. Total physical therapy expenses ................................... $..........
  5. Total other expenses (describe) ................................... $..........
     Subtotal $..........
B. Documented lost wages and compensation to date ................... $..........
C. Documented property damages to date .............................. $..........
D. Reasonably anticipated future medical and hospital expenses ...... $..........
E. Reasonably anticipated lost wages ................................. $..........
F. Other documented items of damages (describe)
     $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

     $..........
     TOTAL $..........

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

FRAUD, CONSPIRICIES, TO AVOID PAYING REPAIR COSTS DECIET PERJURY ET ALS

TOTAL $. 60,0000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature] FRANCIS P SUMNER PRO SE    DATE: 8-28-000

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

WORCESTER S.S.                                SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION.
                                                  00-1713 B

FRANCIS P SUMNER SENIOR            )
        PLAINTIFF

        VS                         )      COMPLAINT AND
                                          TRIAL BY JURY
JOSEPH MARTIN JR.
KINCARE INC.
EARLY LEARNING CENTERS INC.        )          DEMAND.
SANDRA J, MARTIN
MYRAN MARTIN ET ALS.               )
PERSONALLY AND PROFESSIONALY

RICHARD WALSH ET ALS.              )
LEICESTER POLICE DEPARTMENT                   FILED
KENNETH M. ANTANAVICA              )
SGT: FONTAINE PERSONALLY AND PROFFESSIONALY
ET ALS.                                       AUG 28 2000
TOWN OF LEICESTER MASSACHUSETTS.   )      ATTEST:

                                                    CLERK


PRELIMINARY STATEMENT.
_____


1. THIS COMPLAINT SEEKS RELIEF FROM THE DEFENDANTS CONSPIRICIES
INTENT TO COMMIT FRAUD AND FRAUD, PERJURY DEFERMATION OF CHARECTER
SLANDER, DENYING THE PLAINTIFF TO EARN A LIVING, CONSPIRICY TO DEFRAUD
THE PLAINTIFF AND HIS BUSINESS KNOWN AS SUMNERS AUTO BODY, AND SUMNERS
GARAGES LOCATED AT WORCESTER MASSACHUSETTS, LEICESTER MASSACHUSETTTS
AND SPENCER MASSACHUSETTS.

2. THE PLAINTIFFS STATES THAT HIS 1st 4th 6th 8th 12th and his 14th
amendments by the Commonwealth of Massachusetts Constitution and the
United States Constitution which forbids the defendants from the
following statements herein.

list of defendants.

1. JOSEPH MARTIN, KINCARE INC. EARLY LEARING CENTERS INC. SANDRA MARTIN
MYRAN MARTIN, LEICESTER POLICE OFFICER KENNETH ANTANAVICA AND OTHERS.
ALLEGED LAWYER RICHARD WALSH ET ALS..

(1)

preliminary statement cont.
----------------------------

ON MARCH 25th 2000, THE PLAINTIFF WAS CALLED BY JOSEPH MARTIN
TO PICH UP AN 1988 DODGE EXTENDED VAN FOR AUTO BODY" REPAIRS
THIS VEHICLE WAS APPRAISED BY SUMNERS AUTO BODY AND COMMERCE
INSURANCE COMPANY ON OR ABOUT APRIL 2000, and again on may 2000
damage from an accident to the vehicle owned or leased to the
EARLY LEARING CENTER AT JEROME AVENUE AT WORCESTER MASSACHUSETTS.

THE VAN WAS APPRAISED AT $5,900.00 DOLLARS AT WHICH THE PLAINTIFF
REPAIRED AND SAID VAN PICKED UP BY JOSEPH MARTIN.

JOSEPH MARTIN PAID SUMNERS GARAGE $4,400.00 OWEING HIM A BALANCE
OF $1,500.00 TO DATE UNPAID.

DEFENDANT JOSEPH MARTIN CALLED SUMNERS AUTO BODY TO PICH UP AN
SECOND CAR AN 1999 ALTIMA SEDAN AND TOLD TO DO WHAT HE HAD TO
TO TAKE CONTROL OF THAT VEHICLE FROM ANOTHER AUTOBODY SHOP NAMED
STONES AUTO BODY LOCATED IN WORCESTER MASSACHUSETTS AND GAVE AN
CHECK PAYABLE TO STONES AUTOBODY FOR WORK THAT WAS COMPLETED ON
SAID ALTIMA WHICH WAS $900.00 DOLLARS THIS WAS ON OR ABOUTMAY 31.
2000.

the plaintiff notified mr martin that the altima was torn apart
and he martin stopped payment to stones autobody that same hour.

THE PLAINTIFF AT REQUEST OF MARTIN EVALUATED THE CARE AND FOUND
THAT THIS VEHICLE WAS A TOTAL LOSS , AND WOULD NEVER BE RIGHT.

THE PLAINTIFF THAN CALLED COMMERCE INSURANCE COMPANY WHO HAD
WRITTEN THREE ESTIMATES AT OTHER LOCATIONS INSTRUCTED THE PLAINTIFF
TO REMOVE THE ENGINE FROM THAT CAR ON JUNE 1, 2000 TO INSPECT FOR
SERIOUS FRAM DAMAGE.

THE PLAINTIFF WHO DOES NOT DO ENGINE PULLING AT HIS AUTOBODY
SHOP SUBLET THE REMOVAL OF THE ENGINE TO HIS SONS GARAGE LOCATED
AT 10 WEST MAIN STREE SPENCER MASSACHUSETTS, AND THE DEFENDANT MARTIN
ALWAYS TOLD EACH STEP WHO ALSO RECEIVED EACH APPRAISAL RE: SAME.

THE ENGINE REMOVED BY ANOTHER GARAGE WHO TOWED THE CAR TO OTHER
AUTOBODY SHOPS AS FOLLOWS FOR OTHER OPINIONS, WHO ARE AS FOLLOWS
SPILLINE AUTOBODY" DEBOISE AUTOBODY, AND SEMONI AUTOBODY WHO ALL
SAW WHAT THE PLAINTIFF SAW WHICH WAS A TOTAL LOSS.

DEFENDANT JOSEPH MARTIN WAS TOLD BACK IN JUNE THIS CARCOULD NOT BE
REPAIRED AND TO BE SAFE.

THAT CAR REMAINED AT SUMNERS AUTOBODY SINSE MAY. JUNE JULY AND
AUGUST 2000, and witn several calls to martin with no luck the
CAR REMAINED IN THE PLAINTIFFS SHOP WITHOUT THE ENGINE AWAITING
MARTINS DECISION.

THE PLAINTIFF NOTIFED MARTIN THAt STORAGE AND LABOR, MATERIALS

preliminary statement cont.
----------------------------

HAVE EXCEDED $6,000.00 NOT COUNTING THE ENGINE SUBLETED WHICH WAS $900.00 AND THAT HE HAD TO GET THIS CAR OUT OF THE BODYSHOP IF HE WAS GOING TO TOTAL IT.

THE PLAINTIFF ON AUGUST 2, 2000 CALLED MARTIN TO TELL HIM HE WAS FILING A MECHANIC"S LEIN AND MARTIN SAID THAT ALL MONIES WOULD BE PAID TO SUMNERS GARAGES WHICH AS FOLLOWS.

1. 1969 CHEVROLET CORVETTS IN THE PLAINTIFFS POSSESSION SINCE JUNE OF 1999, TO HAVE INSTALLED ONE ENGINE, BATTERY, BODY PARTS GAS TANK. FAN PARTS, TRANSMISSION TOTALLING OVER $5,000.00 WITH STORAGE 10,000, THE CAR STILL IN PLAINTIFFS POSSESSION, AND THE BALANCE OF THE ALTIMA TOTALLING $6,900.00 and the BALANCE OF THE VAN $1,500.00.

2. THE VERY DAY THE CARS WERE TO BE PAID FOR THE DEFENDANTS CO_ CONSPIRATOR SANDRA MARTIN FILED A PERJURED AFFIDAVIT WITH THIS COURT WRITTEN BY ANOTHER CO_ CONSPIRATOR NAMED RICHARD WALSH WO TYPED THAT AFFIDAVIT IN BAD FAITH LOADED WILL ILL WILL AND DECIET KNOWING HE DID NOT INVESTAGATE THE AFFIDAVIT, TALK TO OTHER BODY SHOPS AND THE INSURANCE COMPANY ITSSELF.

DEFENDANT WALSH VIOLATED PUBLICE TRUST AND HIS OWN OATH AND MOREOVER CANNON CODE OF EHTICS WHO WERE NOTIFIED THE BOARD OF BAR OVERSEERS THIS FALABLE LAWYER ACTUALL TOLD THE JUDGE WHO HEARD THE MOTION FOR PRELIMINARY INJUNCTION J. DONAHUE AND TOLD THE JUDGE THAT $4,400.00 THAT WAS PAID ON THE 1998 DODGE VAN WAS GIVEN TOWARDS THE 1999 ALTIMA WHICH WAS NOT EVEN AT THE BUSINESS WHEN THE CHECKS WERE ALLEGED TO BE GIVEN SEE ALL ATTACHED ESTIMATES CHECKS, DATES TIMES, THIS LAWYER COMMITTED PERJURY ALONG WITH HIS CLIENT SANDRA MARTIN A PATHALOGICAL LIAR.

3. DEFENDANT MARTIN SANDRA, THAN WENT FURTHER AND CALLED THREE POLICE DEPARTMENT SAYING HER 1999 ALTIMA WAS STOLEN, AND KNOWING SHE KNEW THE CAR WAS AT SUMNERS AUTOBODY, CAUSING UNREST AT OTHER NON RESPONSIBLE BUSINESS WHO HAD NO JURISDICTIONS.

4. THE LEICESTER POLICE DEPARTMENT HARRASSED THE PLAINTIFF, AND ATLEAST ONE OFFICER AND DEFENDANT KENNETH ANTANAVICA OFFICER FILED AN OUT OF CONTEXT POLICE REPORT STATING CONVERSATIONS BETWEEN 5 EMPLOYESS AT SUMNER"S GETTY BECAUSE THE PLAINTIFF REFUSED TO TALK TO HIM ABOUT THIS MATTER AND OTHERS MATTERS WHICH HE HAD NO JURIS DICTION WHO WATCHES TO MUCH N.Y.P.D. PLUE WHO IS INEXPERIANCED AND ALIAR, AND UNBECOMING A POLICE OFFICER.

5. THE SAGA GETS BETTER, ALLEGED LAWYER RICHARD WALSH WHO NEVER ASKED FOR THE MENTIONED ENGINE TO THE ALTIMAM NOR ASKED IN HIS PLEADINGS, NOR DID THE COURT ORDER BOTH THE ENGINE, AND THE CAR BE DELIVERED TO THE MARTINS FLAMED THE CLERKS OFFICE OF THIS COURT TO PUT THE ENGINE ON THE COURT ORDER, AND IT GETS BETTER THAT GOES BACK TO COURT TO ASK FOR CONTEMPT BECAUSE THE ENGINE WHICH WAS NOT IN THE PLAINTIFFS POSSESSION, NOR EVER MENTIONED IN COURT OR IN PLEADINGS REQUESTS CONTEMPT.

PRELININARY STATEMENT CONT.

THE DEFENDANTS JUMPED TO QUICH TO DEFRUAD THE PLAINTIFF USING THE COURTS TO ASK RELIEF FROM FRAUD, CONSPIRICIES, LOADED WITH SECRETLY INSPIRED ILL WILL DECIET, WHICH HAS VIOLATED THE RIGHTS OF THE PLAINTIFF WHICH WAS DONE IN BAD FAITH WITH MALICE AND FORETHOUGHT.

THE PLAINTIFF WILL AMEND HIS COMPLAINT AS SOON AS HIS PRIVATE DETECTICE TEAM FINISHES THEIR INVESTAGATIONS OF ALL THE DEFENDANT ALL RECORDS WITH AFFIDAVITS WILL BE FILED.

PLAINTIFFS CLAIMS AS FOLLOWS.

1. CONSPIRACY.

2. CONSPIRACY TO VIOLATE AND DID VIOLATE THE PLAINTIFFS CIVIL AND CONSTITUTIONAL RIGHTS UNDER THE 1st, 3rd, 4th, 5th, 12th and 14th AMENDMENTS.

3. SLANDER.

4. LIBAL.

5. INTIMADATION.

6. fraud.

7. HARRASSMENT BY ALL DEFENDANTS.

8, loss of earnings totaling $ totaling $23,400.00 AND ESCULATING.

THE COURT SHOULD NOT ALLOW LAWYERS LIKE WELSH .TO LIE, DECIEVE THE JUDGES MOREOVER THE PLAINTIFF.

THE DEFENDANTS USED THE COURT IN BAD FAITH TO DENY THE PLAINTIFF EARNINGS AND MONEY THEY OWE THE OTHERS ENTERED INTO CONSPIRCIES WALCH AN AMBULANCE CHASER HE IS WILL NOT PREVAIL AND SHOULD BE DISBARED WHO WILL AT SOME POINT WHEN THE INVESTAGATORS FINISH THEIR INVESTAGATIONS BUT MOST CERTAINLY THE INTERNAL REVENUE WILL HAVE THEIR DAY.

THE LAWYER NAME IS RICHARD WELSH DEFENDANT HEREIN.

(4)

plaintiffs prayer for relief.
------------------------------

GRANT TRIAL BY JURY.

GRANT PLAINTIFF ATTORNEY FEES AND COURT COSTS.

GRANT PLAINTIFF INJUNCTIVE RELIEF (PRELIMINARY)

GARNT THE PLAINTIFF TEMPOARY RESTRAINING ORDERS FROM
ALL DEFENDANTS DECIET AND PERJURY ALONG WITH FRAUDS.

GRANT THE PLAINTIFF FIVE MILLION DOLLARS IN DAMAGES
PER DEFENDANT WITH WRIT OF ATTACHMENTS ON ALL ASETTS

GRANT FIVE MILLION IN PUNITIVE DAMAGES ALONG WITH THE
$23,400 AND ESCULATING ON THE CORVETTE OF THE MARTINS.

THE PLAINTIFF SUES EARLY LEARING CENTERS, KIMCARE INC, AND ALL
DEFENDANTS PERSONALLY AND PROFESSIONALLY.

GRANT ALL OTHER RELIEF THIS COURT DEEMS PROPER AND JUST ON BEHALF
OF THE PLAINTIFFS ET ALS.

THIS COURT HAS JURISDICTION OVER SUBJECT MATTER PURSUANT TO
G.L.C. 214§(3)(6)G.L.C.231(a).


this day the above signed under the pains and penalties of perjury

RESPECTFULLY SUBMITTED

FRANCIS P SUMNER
178 CHANDLER STREET
WORCESTER MASS: 01608

DATED AUGUST 28th 2000

A true copy by photostatic process
Attest:
Asst. Clerk

(5)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**
AUG 3 1 2000
ATTEST *Loving P. Lamoureux*
CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 00-1713 B

FRANCIS P SUMNER ET ALS    Plaintiff(s)

V.

KENNETH M. ANTANAVICA ET ALS.  Defendant(s)
LEICESTER POLICE DEPT.

) ) ) ) ) ) ) ) ) ) )

**SUMMONS**

\* To the above-named Defendant:

You are hereby summoned and required to serve upon FRANCIS P. SUMNER. 178 CHANDLER STREET WORCESTER MASS. 01609, plaintiff's attorney, whose address is .................................................................................................................. an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, ████████ Esquire, at Worcester, the ................................ day of ................................................................in the year of our Lord one thousand nine hundred and ninety ........................ .

A true copy by photostatic process
Attest: *[signature]*
Asst. Clerk

*Loving P. Lamoureux*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**
SEP 1 2000
ATTEST: Loring P. Lamoureux
CLERK

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 00-1713B

FRANCIS P. SUMNER SR.       **Plaintiff (s)**

V.                                                **SUMMONS**

RICHARD WELSH ET ALS.

**Defendant (s)**

\* To the above-named Defendant:

You are hereby summoned and required to serve upon.....FRANCIS P. SUMNER ........178 CHANDLER STRRET WORCESTER MA: 01609........., plaintiff's attorney, whose address is ............................................................................................... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, ████████ Esquire, at Worcester, the ........................... day of ...................................................in the year of our Lord one thousand nine hundred and ninety .......................  .

A true copy by photostatic process
Attest:
Asst. Clerk

*Loring P. Lamoureux*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

00-40156

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CA NO. 00-1713B

FRANCIS SUMNER
Plaintiff,

v.

JOSEPH MARTIN, JR., KINCARE INC.,
EARLY LEARNING CENTERS, INC.,
SANDRA J. MARTIN, NYRAN MARTIN
ET ALS, Personnally and Professionaly,
RICHARD WALSH ET AL, LEICESTER
POLICE DEPARTMENT, KENNETH M.
ANTANAVICA, SGT. FONTAINE,
Personally and Professionally, ET ALS
TOWN OF LEICESTER,
Defendants.

## NOTICE OF REMOVAL

To:   United States District Court
      District of Massachusetts

The petition of the defendants, assert:

1. On or about August 28, 2000, plaintiff commenced a civil action against the defendants in the Superior Court of the Commonwealth of Massachusetts, County of Worcester, entitled <u>Francis Sumner v. Kenneth Antanavica, et al</u>, Civil Action No. 00-1713B copy of the Complaint, and the Summons served on the defendant, Town of Leicester, is attached hereto.

2. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 42, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. Section 1441. This is an action alleging claims including those arising out of the Constitution of

1

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS | SUPERIOR COURT<br>DEPARTMENT OF THE TRIAL COURT<br>Civil Action No. 00-1713B |
| FRANCIS P. SUMNER SR.<br>        Plaintiff<br>vs.<br>JOSEPH MARTIN JR., ET ALS<br>RICHARD WELSH, ET ALS<br>LEICESTER POLICE DEPT., ET ALS<br>        Defendants | NOTICE OF APPEARANCE |

PLEASE TAKE NOTICE that I, Joseph C. Cove, Esquire, of One North Main Street, P. O. Box 390, Uxbridge, Massachusetts 01569 hereby enter my appearance on behalf of the Defendant, the Town of Leicester.

Respectfully submitted,

_____
JOSEPH C. COVE
One North Main Street
Post Office Box 390
Uxbridge, MA 01569
Telephone (508) 278-6711
BBO #102640

FILED
SEP  2000
ATTEST: _____ CLERK

DATED: September 13, 2000

## CERTIFICATE OF SERVICE

I, Joseph C. Cove, hereby certify that on this 13th day of September, 2000 I have served a copy of the foregoing document by mailing a copy of same by first-class mail, postage prepaid to:

>Francis P. Sumner
>178 Chandler Street
>Worcester, MA  01608

>Douglas Louison, Esquire
>Merrick & Louison
>67 Batterymarch
>Boston, MA  02110